JOHN H. PARRISH, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, March 7, 1910.**

1. **HUMANITARIAN RULE: Contributory Negligence.** In an
   action founded on the humanitarian rule, the plaintiff's negli-
   gence is conceded and the question is whether, by the exercise
   of ordinary care after discovering plaintiff's peril, the injury
   could have been avoided.

2. ———: ———: ———. A mail carrier driving a mail wagon
   to collect mail in a city, drove along the side of a street and
   then turned abruptly across to the track of a street railway,
   where he stopped and looked and saw a car one hundred and
   fifty feet away coming towards him. He then drove on the
   track and looked from the side of his conveyance and saw the
   car closer upon him and the motorman with his head turned to
   the side, when he whipped up; but the car struck the rear of
   the wagon, overturning it and injuring him. *Held*, that there
   was a sufficient showing for the case to be submitted to the jury
   on the humanitarian rule.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park,* Judge.

AFFIRMED.

*John H. Lucas, F. G. Johnson* and *J. T. Burney &
Son* for appellant.

The court erred in refusing to give an instruction
in favor of the defendant at the close of all of the evi-
dence in the nature of a demurrer to the evidence. Boyd
v. Railway, 105 Mo. 371; Guyer v. Railway, 174 Mo.
344; Van Beach v. Railway, 171 Mo. 338; McGauley v.
Trans. Co., 179 Mo. 583; Sites v. Knott, 197 Mo. 684;
Markowitz v. Railway, 186 Mo. 350; Haley v. Railway,
197 Mo. 15; Fechley v. Traction Co., 119 Mo. App. 358;
Simms v. Railway, 116 Mo. App. 572; Hensler v. Stix,
113 Mo. App. 162; Rissler v. Trans. Co., 113 Mo. App.
120; Trigg v. Trans. Co., 114 S. W. 972; Zalotuchin v.
Railway, 106 S. W. 548.

*Martin J. O'Donnell* for respondent.

Under the authority of the decisions of the courts of this state the case was properly submitted to the jury. Murray v. Transit Co., 108 Mo. App. 501; Deitring v. Transit Co., 109 Mo. App. 524; Ross v. Railroad, 113 Mo. App. 600; Sommers v. Railroad, 108 Mo. App. 319; Imkamp v. Railroad, 108 Mo. App. 655; Powers v. Railroad, 202 Mo. 267; Peterson v. Railroad, 114 Mo. App. 374; Hartman v. Railroad, 112 Mo. App. 439; Priesman v. Railroad, 102 Mo. App. 518; Hall v. Railroad, 124 Mo. App. 661.

ELLISON, J.—Plaintiff was a mail carrier, who gathered mail from boxes on the streets in Kansas City, and for that purpose used a one-horse cart or wagon with a top and a glass outlook on either side. One of defendant's street cars collided with the wagon and severely injured plaintiff, making it necessary to amputate one of his legs. He recovered judgment for $5500 in the trial court.

It appears that plaintiff, with another man, was gathering the mail after night, and for that purpose drove west on Seventh street into Delaware street, which runs north and south, and on which is a single track of defendant's street railway. The wagon was stopped when they entered Delaware street, and the other man got out. Plaintiff then turned the horse to the left and drove south on Delaware street, keeping near the curb on the east side. He drove between twenty-five and forty-five feet, when he turned squarely west to cross to the west side to a mail box. When his horse was within three feet of the track, he stopped and looked north and saw a car one hundred and fifty or two hundred feet away coming towards him. His horse had gotten across the track when he looked again and saw the car was close, and the motorman had his head turned to the east. He whipped up, thinking to get

across in safety, but the extreme rear end of the wagon did not clear the track and was struck by the car, which overturned it onto plaintiff and injured him.

It is conceded that plaintiff was guilty of negligence in driving onto the track when he saw a car approaching, and he bases his right to recover on the humanitarian rule. That is, that notwithstanding he placed himself in a perilous position, the motorman in charge of the car saw him, or, if he did not, he could, by the exercise of ordinary care, have seen him in time to have avoided the collision by stopping the car, or so slowing its speed that the rear wheels of plaintiff's wagon would have cleared the track.

Plaintiff testified that on account of the car coming towards him one hundred and fifty feet or more away, he could not tell what was its speed; but there was other evidence which tended to show it to be from fifteen to twenty miles per hour; and there was also evidence tending to show that at that rate the car could be stopped at from sixty to one hundred feet. There was evidence on the part of defendant that the car was going at the rate of eight to twelve miles per hour and at that rate could have been stopped in a distance of from fifteen to twenty-two feet. There was also evidence which tended to show the motorman was talking to some one by his side and had his face turned towards him.

From the foregoing it seems clear that defendant's demurrer to the evidence was properly overruled. In a case based on and falling within the humanitarian rule, the negligence of the party injured cannot prevent his recovery for the simple reason that that rule is a concession of such negligence, and if the exercise of ordinary care by those in charge of the car will avoid an injury, there is liability for non-exercise of such care. [Matz v. Ry. Co., 217 Mo. 275.] The case at bar is, in many respects, like that of Murray v. Transit Co., 108 Mo. App. 501, in which several similar points to those in this case are discussed by Judge GOODE. We regard

what is said in that case as demonstrating plaintiff's right to have this case submitted to the jury.

But it is insisted that the court erred in refusing defendant's instruction No. 7, and in modifying it by adding thereto the humanitarian rule as to defendant being able to avoid the collision after discovering plaintiff's peril into which he had negligently driven. It is claimed to be confusing and misleading. We do not think under the evidence and other instructions there is any reasonable ground for saying the jury could have been misled, or that they did not fully understand the issues in the case. At any rate, we regard the instruction as not containing substantial error under the case of Matz v. Railway Co., supra. Furthermore, we are satisfied it did not affect the merits of the case; and hence we would not be inclined to reverse the judgment on that account.

A point is made, though not dwelt upon in the brief, that plaintiff's petition does not allege facts sufficient to constitute a cause of action under the humanitarian rule. We regard the objection as not well taken. We think there is no error in the record materially affecting the merits of the action and it is therefore our duty to affirm the judgment. All concur.